UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| SUSAN T. CLUM, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 2:17-CV-233-JRG-MCLC |
| v. | ) | |
| | ) | |
| NICOLE PUCKETT, JOSHUA PUCKETT, DONALD CARTER, STATE OF TENNESSEE, BILL HASLAM, Governor, SULLIVAN COUNTY, TENNESSEE, SULLIVAN COUNTY SHERIFF'S DEPARTMENT, SHERIFF WAYNE ANDERSON, DETECTIVE JOHN PORTER, DETECTIVE DOE 1 (Porter's partner), DETECTIVE DOE 2 (Porter's 'trainee"), DEPUTY JERET RATLIFF, DEPUTY TRAVIS JACKSON, LT. DAVID MEAD, Internal Affairs, and JOSHUA PARSONS, Prosecutor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Susan T. Clum ("Plaintiff") has filed a pro se complaint labeled, "Civil Complaint, Violation of Rights, in Violation of 18 U.S.C. § 241, 18 U.S.C. § 242, Constitutional Amendment 4, and any other applicable statute" [Doc. 2]. Plaintiff has also submitted a motion and an application to proceed *in forma pauperis* [Doc. 1], the latter of which reflects that she lacks sufficient financial resources to pay the $350.00 civil filing fee. Therefore, the application is **GRANTED** [*Id.*], and Plaintiff may proceed in this action without prepayment of the filing fee.

Pro se complaints filed *in forma pauperis*, such as this one, must be screened under 28 U.S.C. § 1915(e)(2), before service, and must be dismissed if they are frivolous or malicious, fail

to state a claim, or seek monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). After screening this complaint, the Court will **DISMISS** this action for failure to state a claim and for suing defendants who are immune from money damages and will **DENY** Plaintiff's pending motion to appoint counsel [Doc. 3] and to serve process on Defendants [Doc. 4]. The Court turns now to Plaintiff's pleading.

## I. THE COMPLAINT

Plaintiff brings this action against fifteen Defendants, including Nicole Puckett, Joshua Puckett, Donald Carter, the State of Tennessee, Sullivan County, Tennessee, the Sullivan County Sheriff's Department, Tennessee Governor Bill Haslam, Prosecutor Joshua Parsons, Sullivan County Sheriff Wayne Anderson, Detective John Porter, Detective Doe 1, Detective Doe 2, Deputy Jeret Ratliff, Deputy Travis Jackson, and Lieutenant David Mead.

Plaintiff's abstrusely-drafted complaint alleges that Defendants conspired to violate her and her spouse's rights by filing false complaints, "enforcing those false complaints," and having her spouse falsely arrested. Plaintiff maintains that Defendants have harassed and threatened her through her cellular telephone and have placed an illegal wiretap on that telephone. Plaintiff further maintains that Defendants Nicole Puckett, Joshua Puckett, and Donald Carter lured Plaintiff's 17-year-old daughter to their home, refused to let her daughter leave, and attempted to extort payment from Plaintiff. Defendant Nicole Puckett allegedly conveyed threats to Plaintiff through her daughter that she (Defendant) would have Plaintiff's spouse arrested, if Plaintiff did not accede to the demand for payment. Plaintiff's daughter witnessed multiple cases of child abuse by Defendants, but she finally was sent home after she threatened to call Child Protective Services

2

on Defendants. Plaintiff's daughter had several bruises on her when she arrived home. Defendants continued to threaten and assault Plaintiff's daughter.

Defendant Nicole Puckett instructed Defendant Carter to stab Plaintiff's daughter at school, while Plaintiff's daughter was waiting to board the school bus. Plaintiff sought and obtained a restraining order against these two Defendants based on the school bus incident. When the restraining order was served on Defendant Nicole Puckett, she called Plaintiff, threatened Plaintiff and her spouse with bodily harm, and stated that she knew someone at the sheriff's department and could have Plaintiff's spouse arrested for anything for which she (Defendant) wanted to have him arrested. The restraining order hearing occurred on February 6, 2017, but Defendants refused to abide by the conditions set in the restraining order, and they continued to harass and threaten Plaintiff's daughter and to make indirect threats towards Plaintiff and Plaintiff's spouse.

Two days later, Defendant Detective John Porter called Plaintiff on her cellular telephone and told her that he wanted to talk to Plaintiff's spouse about Defendant Puckett. Another two days passed, and Defendant Porter, his partner, and another detective intimidated, threatened and subjected Plaintiff's daughter to custodial interrogation. These three Defendants then intimidated, threatened, and questioned Plaintiff and her spouse at their home. These officials refused to listen to Plaintiff's explanations about the situation or to take Plaintiff's statement.

On April 10, 2017, Defendant Porter falsely arrested Plaintiff and charged her with aggravated burglary and three counts of assault. Plaintiff stated that there was an eyewitness and that her spouse had done nothing. Plaintiff further maintains that, though she has a mental disability and relies on her spouse for support and care, her spouse was falsely arrested at some point and wrongfully imprisoned, causing her to suffer severe emotional distress and financial ruin.

In August of 2017, two events allegedly occurred. Defendant Puckett reported that, on August 19, 2017, Plaintiff's spouse pushed Defendant Puckett's children aside and forced his way into the Puckett home, looking for Plaintiff's daughter and son at school. Plaintiff maintains that because that day fell on Bristol Race weekend, the school was closed, and that because the school was closed, Plaintiff's daughter and spouse were home with Plaintiff that entire day. Plaintiff insists that the only day she was at the Puckett home was August 11, 2017, when she knocked on Defendant Puckett's door, at which point Defendant Puckett and her children invited both she and her spouse to come inside.

Due to a complaint Plaintiff's daughter filed against Defendant Nicole Puckett and Detective Porter (the filing of the complaint was unbeknownst to Plaintiff), the Tennessee Bureau of Investigation and Defendant David Meade contacted Plaintiff. Plaintiff took advantage of the opportunity to ask Defendant Meade to investigate the false complaint made against Plaintiff's spouse, but Defendant rejected that request and stated that he would not talk about a burglary case. Plaintiff has heard rumors that Defendant Meade engages in cover-ups to protect wrongdoing, even criminal acts, engaged in by Sullivan County Sheriff's Department employees.

For these claimed wrongful actions, Plaintiff seeks miscellaneous types of relief. Among them are damages, a Temporary Restraining Order under Rule 65(b) of the Federal Rules of Civil Procedure, a Permanent Restraining Order, pre-judgment attachments of "any and all assets of the Defendant(s)" to prevent them from converting, reassigning, or attempting to hide such assets, and the removal to this Court of a state criminal prosecution against her husband.

## II. SCREENING & REVIEW STANDARDS

As noted, under 28 U.S.C. § 1915(e), district courts must screen complaints filed *in forma pauperis* and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief

4

or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) (observing that "non-prisoners proceeding *in forma pauperis* are still subject to the screening requirements of § 1915(e)") (citing *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (mem.), and *Benson*, 179 F.3d at 1016). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim unsupported by facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Even so, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983,[1] "a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v. Throckmorton*, 681 F.3d 853, 859-860 (6th Cir. 2012); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cnty.*, 220 F.3d 433, 441 (6th Cir. 2000).

The Court examines the claims under these guidelines.

### III.     ANALYSIS

**A.     Capacity to Sue/ Standing**

Plaintiff, who is litigating this case pro se, may "plead and conduct [her] own cases personally." 28 U.S.C. § 1654. However, by definition, the term "pro se" is limited to self-representation so that a person "may not appear pro se where there are other persons' interests at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[B]ecause pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause." (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

---

[1] While Plaintiff has not cited to 42 U.S.C. § 1983 as the statute authorizing her lawsuit, because her complaint in substance presents allegations of constitutional torts that belong in a § 1983 civil rights complaint, the Court construes it as such. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (recognizing that "[f]ederal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize it in order to place it within a different legal category . . . to create a better correspondence between the substance of a pro se motion and its underlying legal basis") (all citations omitted).

Here, Plaintiff asserts that Plaintiff's daughter and Plaintiff's spouse were wronged and impliedly that her daughter was physically injured by conduct in which Defendants engaged. Clearly, claims for any wrongdoing visited on Plaintiff's daughter and Plaintiff's spouse by Defendants would belong in a lawsuit brought by the injured parties themselves, and not in Plaintiff's lawsuit. The Sixth Circuit has held specifically that "parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* at 970; *see also Foos v. City of Delaware*, 492 F. App'x 582, 592 (6th Cir. 2012) (observing that "[i]t is well established in this Circuit that 'a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort'" (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)).

Not only is it procedurally unauthorized for a pro se litigant to assert the claims of others, but it is constitutionally unacceptable too. Plaintiff's contentions involving wrongdoing directed towards her spouse and her daughter implicate the standing doctrine, which derives from Article III's restriction of federal court jurisdiction to "cases and controversies." U.S. CONST. art. III, § 2, cl.1. "[T]he standing requirement limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into a vehicle for the vindication of the value interests of concerned bystanders." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (quoting *Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (internal quotation marks omitted). A "plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Id.* The standing doctrine "applies to every claim sought to be litigated in federal court." *ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 659 (6th Cir. 2007).

7

A plaintiff establishes standing if she demonstrates three things: (1) "actual or imminent injury, not conjectural or hypothetical," (2) causation, and (3) redressability. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations and internal quotation marks omitted). Plaintiff has alleged no personal injury with respect to the purported unlawful actions and resulting harm visited upon her spouse or her daughter. Accordingly, Plaintiff lacks standing to assert violations of the rights of others, even if those others are her close family members.

Furthermore, the complaint alleges that Plaintiff's daughter is seventeen years old. Plaintiff can sue on behalf of her daughter if Plaintiff is her daughter's duly appointed representative or if she is her next friend or guardian ad litem. Fed. R. Civ. P. 17(c). There is no indication in Plaintiff's complaint that she is duly authorized to press her daughter's claims in this case. *See Gibbs v. Carnival Cruise Lines*, 314 F.3d125, 135 (3d Cir. 2002) (explaining that a court must first determine whether a minor has a "duly appointed representative" with the capacity to bring the lawsuit on the minor's behalf).

Additionally, in contrast to the allegations in the pleading relative to the age of Plaintiff's daughter, Plaintiff's *in forma pauperis* application that she signed under penalty of law on the same date that she signed the complaint states that Plaintiff has no dependents, including minor children, as "all [are] over 18" [Doc. 1 at 9]. The actions complained of in Plaintiff's pleading occurred from February through mid-August of 2017, whereas Plaintiff signed the pleading and application to proceed *in forma pauperis* on December 23, 2017 [Doc. 1 at 10, Doc. 2 at 5]. This strongly suggests to the Court that, at the time the complaint was filed, Plaintiff's daughter had reached majority age and was no longer a minor. If Plaintiff's daughter was eighteen on the date this action was filed, she must prosecute this suit in her own name, with certain exceptions not pertinent here; her mother cannot prosecute it for her. Fed. R. Civ. P. 17(a); *see also M.P.T.C. v.*

*Nelson Cnty. Sch. Dist.*, 192 F. Supp. 3d 798, 804 (W.D. Ky. 2016) (noting that Plaintiff took action to "in order to prosecute the matter in his own name due to the fact that he has reached the age of majority").

The Court thus concludes that Plaintiff lacks both standing and the capacity to litigate her daughter's claims in this action and that Plaintiff lacks standing to press claims on her spouse's behalf in this suit. All such claims are **DISMISSED** for lack of subject matter jurisdiction.

B. **Official Capacity Claims**

The pleading has not specified the capacity in which Defendants are being sued, whether in their official capacities, individual capacities, or both. A suit brought against a public official will be construed as seeking damages against that defendant in his individual capacity only if the claim for individual liability is clearly and definitely set forth in the pleading. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995). The designation of individual capacity need not be explicit—though, of course, that is preferable—so long as the pleadings and other filed documents provide sufficient notice to a defendant that [s]he is being sued as an individual. *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001).

Plaintiff has made no express designation of the capacity in which she is suing these Defendants. Absent an indication—express or otherwise—that Defendants are being sued in their individual capacities, the Court must assume that they are being sued only in their official capacities. *Moore*, 272 F.3d. at 772.

Suits against officers in their official capacities under § 1983 are equated with suits against the governmental entity itself, *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992), and "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978);

9

*see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (observing that an official-capacity suit proceeds as though a plaintiff had sued the governmental entity a defendant represents). Indeed, if damages are awarded in a suit against a defendant in his official capacity, a plaintiff must look to the governmental entity to satisfy such a judgment. *Kentucky v. Graham*, 473 U.S. 159, 166 (1995).

### 1. The State Defendants

As noted, to state a § 1983 claim, a plaintiff must show that a person acting under color of state law caused a deprivation of a federal right. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). This means that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," who are subject to suit for damages within the terms of § 1983. *Id.*; *see also Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Will*, 491 U.S. at 71).

Additionally, the Eleventh Amendment to the United States Constitution bars actions in federal court by citizens against their own state, where state funds are potentially involved. *Will*, 491 U.S. at 71. This immunity extends to a state governor as well. *Boler v. Earley*, 865 F.3d 391, 413 (6th Cir. 2017).[2]

---

[2] Claims for prospective injunctive relief are not barred by the Eleventh Amendment. *Id.* at 412 (observing that a plaintiff may assert a claim for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, "regardless of whether compliance might have an ancillary effect on the state treasury") (citations omitted). However, Plaintiff's claims for prospective injunctive relief asserted in the complaint reside in a factual vacuum given that she fails to provide the Court with a single reason as to why a temporary or permanent restraining order should enter. This is a fatal flaw with respect to such claims because "[a] preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).

Thus, Plaintiff's claims against the State of Tennessee and Governor Bill Haslam in his official capacity are not alleged against "persons" within the terms of § 1983, and the suit against them for damages is barred by the Eleventh Amendment.

Therefore, Defendants State of Tennessee and Governor Bill Haslam and all claims against them are **DISMISSED** from this lawsuit.

2.   **The County Defendants**

As to Sullivan County (the "County") law enforcement officials, the law is clear that "municipalities and other local government units [are] to be included among those persons to whom § 1983 applies [and they] therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief." *Monel*, 436 U.S. at 690. However, the County is not liable for an injury inflicted solely by an employee or agent on a theory of respondeat superior. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("As we have already explained here and over the years, a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis."); *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (same). In other words, the County cannot be held liable merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691.

Instead, to succeed in a suit against the County, Plaintiff must show that the County's policy, practice, or custom has caused her to sustain a constitutional injury. *Monell*, 436 U.S. at 694 (explaining that it is municipal liability attaches only when its "policy or custom . . . inflicts the injury"); *see also Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691)). Stated succinctly, to make out a § 1983 claim against the County, Plaintiff must: (1) identify the policy, (2) connect the

policy to the County itself, and (3) demonstrate that the execution of the policy caused her to incur her injury. *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993). There must be a direct causal link between the County's policy and the alleged constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff has presented no allegations involving any County policy, no contentions to connect the unidentified policy to the County, and no assertions to show that the unarticulated policy caused her any injury. While Plaintiff need not plead a theory of municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), still she must give fair notice of the claim to a defendant. *Twombly*, 550 U.S. at 555. Plaintiff has failed completely in this regard. Thus, Plaintiff fails to state a claim against the County Defendants and Defendants Sullivan County, Tennessee, the Sullivan County Sheriff's Department, Prosecutor Joshua Parsons, Sullivan County Sheriff Wayne Anderson, Detective John Porter, Detective Doe 1, Detective Doe 2, Deputy Jeret Ratliff, Deputy Travis Jackson, and Lieutenant David Mead and all claims against them are **DISMISSED** from this action.

**B.     The Individual Defendants**

The remaining three Defendants, i.e., Nicole Puckett, Joshua Puckett, and Donald Carter, are private individuals. As noted, an essential element of a valid § 1983 claim is that the wrongdoer's actions be undertaken under color of state law. *Flagg Bros.*, 436 at 155-57; *see also Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) (observing that "[s]ection 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law") (citing *Flagg Bros.*, 436 U.S. at 155).

The conduct of a private defendant is actionable under § 1983 if the conduct can be fairly attributable to the state, *see Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir. 1998), and the conduct of

12

a private party may be fairly attributable to the state only if the conduct is so closely connected to the state that it may be fairly treated as that of the state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (requiring "a sufficiently close nexus between the State and the challenged action"). A private actor who conspires with a state actor to commit the wrongful conduct may be acting under color of state law and, thus, will not be immune from liability. *Tower v. Glover*, 467 U.S. 914, 923 (1984); *see also Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (explaining that a private person may be found to be a state actor where the alleged deprivation was "caused by the exercise of some right or privilege created by the State and (2) the offending party acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (internal quotation marks omitted) .

Recall that the only claims remaining are those asserted by Plaintiff on her own behalf against these three Defendants. Recall likewise that those claims primarily involve Defendant Nicole Puckett's purported threats made directly to Plaintiff or conveyed to her by Plaintiff's daughter. Yet, Plaintiff has not furnished the Court with any concrete factual allegations to show that Defendant Nicole Puckett, in threatening Plaintiff, was acting on behalf of the state. *See Jensen v. Lane Cnty.*, 222 F.3d 570, 574 (9th Cir. 2000) (observing that § 1983 "supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor, against whom tort remedies may be sought in state court").

As to Plaintiff's claim that Defendants conspired to violate her rights by filing and enforcing false complaints, Plaintiff has not identified which of the remaining Defendants acted thusly. Plaintiff's omission is significant because a defendant's personal involvement in the deprivation of constitutional rights is required to establish her liability under § 1983. *Polk Cnty.*

*v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.5 (6th Cir. 2005). Moreover, a plaintiff must plead conspiracy claims with a degree of specificity, as vague and conclusory allegations are insufficient to state a claim. *Hamilton v. City of Romulus*, 409 F. App'x 826, 835–36 (6th Cir. 2010).

Without assertions specific to each of these three Defendants, Plaintiff has failed to plead a plausible claim against them as state actors—or any claim against them period—by omitting to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The Court therefore concludes that Plaintiff has failed to satisfy the "state action" element of a § 1983 claim against these three Defendants. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting that "[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

Accordingly, Defendants Nicole Puckett, Joshua Puckett, and Donald Carter and all claims against them are **DISMISSED** for failure to state a claim entitling Plaintiff to relief under § 1983.

## IV. CONCLUSION

Based on the above reasoning, the Court finds that Plaintiff's complaint does not state constitutional claims against Defendants and that she has sued Defendants who are immune from monetary damages. The Court further finds that any amendments to the complaint would be futile and, therefore, will not invite Plaintiff to file amendments. *See LaFountain v. Harry***,** 716 F.3d 944, 951 (6th Cir. 2013) (explaining that courts may allow a prisoner to amend even where his complaint is "subject to dismissal under the PLRA"). The Court also **CERTIFIES** that any appeal

from the dismissal of this case would not be taken in good faith and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal, *see* 28 U.S.C. § 1915(a)(3), should she file a notice of appeal.

Finally, Plaintiff's pending motions for the appointment of counsel and for service by the Clerk of Court have become moot by virtue of the dismissal of all claims against all Defendants. Hence, those motions [Docs. 3 and 5] are **DENIED**.

A separate judgment will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
